[Cite as *State v. Feagin*, 2026-Ohio-2886.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 0081 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Common Pleas Court of Richland County, Ohio, Case No. 24 CR 0725N |
| CHARLES R. FEAGIN, | |
| Defendant - Appellant | Judgment:  Reversed and Remanded |
| | Date of Judgment Entry: July 27, 2026 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** JODIE M. SCHUMACHER, Richland County Prosecuting Attorney by MICHELLE FINK, for Plaintiff-Appellee; WESLEY A. JOHNSTON, for Defendant-Appellant.

*Montgomery, J.*

{¶1} Defendant-Appellant, Charles Feagin, appeals the judgment entered by the Richland County Common Pleas Court convicting him upon his pleas of guilty to two counts of trafficking in cocaine (R.C. 2925.03(A)(1), (C)(4)(e)), two counts of possession of cocaine (R.C. 2925.11(A), (C)(4)(d)), aggravated trafficking in drugs (R.C. 2925.03(A)(1), (C)(1)(d)),

aggravated possession of drugs (R.C. 2925.11(A), (C)(1)(c)), trafficking in cocaine (R.C. 2925.03(A)(1), (C)(4)(f)), and possession of cocaine (R.C. 2925.11(A), (C)(4)(e)), and sentencing him to an aggregate term of incarceration of ten to twelve years. Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On May 1, 2024, police conducted a controlled drug buy from Appellant with the involvement of a confidential informant. The informant purchased $1,000 worth of crack cocaine and methamphetamine from Appellant in the area of a school zone. The cocaine weighed 26.61 grams and the methamphetamine weighed 27.97. Appellant sold 32.83 grams of cocaine to the informant in a second controlled buy on May 2, 2024, for $1,070. On May 5, 2024, Appellant sold the informant 27.95 grams of methamphetamine and 25.72 grams of cocaine for $1,000.

{¶3} Appellant was indicted by the Richland County Grand Jury with three counts of trafficking in cocaine, three counts of possession of cocaine, two counts of aggravated trafficking in drugs, and two counts of aggravated possession of drugs. Pursuant to a negotiated plea, Appellant entered a guilty plea to three counts of trafficking in cocaine, three counts of possession of cocaine, one count of aggravated trafficking in drugs, and one count of aggravated possession of drugs. The State dismissed the remaining charges of aggravated trafficking in drugs and aggravated possession of drugs. Appellant was sentenced to an aggregate term of incarceration of ten to twelve years. Appellant filed a motion to withdraw his guilty plea, which was denied by the trial court.

{¶4} It is from the May 20, 2025, judgment of the trial court Appellant prosecutes his appeal, assigning as error:

**{¶5}** "I.    THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE DEFENDANT THE OPPORTUNITY [TO] WITHDRAW HIS PLEA AFTER SENTENCING."

**{¶6}** "II.    FEAGIN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT[S] OF THE UNITED STATES CONSTITUTION."

**{¶7}** "III.    THE TRIAL COURT ERRED TO THE PREJUDICE OF FEAGIN BY ACCEPTING A PLEA OF GUILTY THAT WAS NOT MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY."

## III.

**{¶8}** We address Appellant's third assignment of error first, as it is dispositive of the appeal.    Appellant argues the trial court failed to advise him at the plea hearing of the constitutional rights he was waiving by his guilty pleas, as required by Crim.R. 11(C)(2).  We agree.

## STANDARD OF REVIEW AND APPLICABLE LAW

**{¶9}** Crim. R. 11(C)(2)(c):

(2)  In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

***

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining

witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶10} A defendant who enters a guilty or no-contest plea in a criminal case must do so knowingly, intelligently, and voluntarily. *State v. Engle*, 1996-Ohio-179 (1996). Generally, a criminal defendant who seeks the reversal of his or her conviction on appeal must establish that an error occurred in the proceedings in the trial court and that he or she was prejudiced by that error. *State v. Dangler*, 2020-Ohio-2765, ¶ 13. However, when a trial court has failed to explain the constitutional rights that a defendant waives by pleading guilty or no-contest to one or more felony charges, we presume that the defendant's plea was entered involuntarily and unknowingly, and, in those circumstances, no showing of prejudice is required. *State v. Clark*, 2008-Ohio-3748, ¶ 31.

## ANALYSIS

{¶11} In the instant case, the State concedes that the trial court did not advise Appellant of any of the constitutional rights that he was waiving by pleading guilty, in violation of Crim.R. 11(C)(2)(c). The transcript reflects that before accepting Appellant's pleas, the trial court asked Appellant if he was satisfied with his attorney's help and advice and asked Appellant if he understood the allegations against him. The trial court then proceeded immediately to accept Appellant's guilty pleas. Appellant is not required to show prejudice from the trial court's failure to explain the constitutional rights he was waiving by his pleas.

{¶12} The third assignment of error is sustained.

## I., II.

{¶13} Appellant's first and second assignments of error are rendered moot by our disposition of Appellant's third assignment of error.

## CONCLUSION

{¶14} Appellant's convictions based upon his guilty pleas are vacated. The judgment of the Richland County Common Pleas Court is reversed, and this case is remanded to that court for further proceedings according to law, consistent with this opinion.

{¶15} Costs are waived.

By: Montgomery, J.

King, P.J. and

Popham, J. concur.